UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CEDRIC REID,<br><br>                    Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK; MARTHA W. KING; NYC HEALTH + HOSPITALS; PATSY YANG; C.O. EVERETT, SHIELD NO. 9257; ALLEN RILEY; THOMAS J. LOUGHREN; TERRY MORAN; ANTHONY J. ANNUCCI; CARL J. KOENIGSMANN; SUSANNA NAYSHULER; DR. HAMMER; OSBOURNE A. McKAY; MICHAEL WASHINGTON; ROBERT MORTON; MICHAEL CAPRA; RAZIA FERDOUS; VERONICA MONRO; AND SCHUPAK, PHARMACIST,<br><br>                    Defendants. | 20-CV-0644 (CM)<br><br>ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, a prisoner at Great Meadow Correctional Facility, filed this action *pro se* and seeks *in forma pauperis* ("IFP") status. The Prison Litigation Reform Act (PLRA) added the following three-strikes provision to the IFP statute:

> In no event shall a prisoner bring a civil action…under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

By order dated February 14, 2020 (ECF No. 4), the Court found that Plaintiff had accumulated three strikes under the PLRA, and that he is therefore barred under § 1915(g) from filing any action IFP. *See Reid v. Dumberger*, ECF 1:17-CV-1124, 54 (S.D.N.Y. Mar. 27, 2018) (granting Defendants' motion to dismiss because "plaintiff has failed to plausibly state a claim upon which relief can be granted"); *Reid v. Donald*, No. 12-CV-0533 (TJM) (DEP) (N.D.N.Y. Mar. 11,

2014) (granting Defendants' motion to dismiss for Plaintiff's failure to state a claim); *Smith, et al. v. Clarke*, No. 12-CV-0032 (JCT) (W.D. Va. Mar. 20, 2012) (dismissing the action "without prejudice, pursuant to § 1915A(b)(1), as legally frivolous").

Because a *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant, *see Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands), the Court directed Plaintiff to show cause why the Court should not deny his IFP application under 28 U.S.C. § 1915(g), the Prison Litigation Reform Act's three-strikes provision.

Plaintiff filed a declaration on March 12, 2020. (ECF No. 6.) He declares that he did not file *Smith, et al.*, No. 12-CV-0032 (JCT), in the United States District Court for the Western District of Virginia. Plaintiff asserts that he was confined in New York State from March 6, 1999, until February 28, 2014, and that he has never been confined in the state of Virginia. (*Id.* at 2.)

The Court finds that Plaintiff has not accumulated three strikes under the PLRA, and he is therefore not barred under § 1915(g) from filing this action IFP.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff has not accumulated three strikes under the PLRA, and he is therefore not barred under § 1915(g) from filing this action IFP.

Plaintiff's request to proceed IFP will be granted in a separate order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 13, 2020
         New York, New York

                                                    _____
                                                          COLLEEN McMAHON
                                                    Chief United States District Judge