UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CEDRIC REID,

                     Plaintiff,

         -v-

THE CITY OF NEW YORK, et al.,

               Defendants.

:    MEMORANDUM DECISION
:           AND ORDER
:
:    20 CV. 644 (GBD) (JLC)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

     *Pro se* Plaintiff Cedric Reid brings this action pursuant to 42 U.S.C. § 1983 against various City and State Defendants.

     Specifically, Plaintiff asserts a total of 11 allegations of violations of his constitutional right to humane conditions of confinement and adequate medical treatment. City and State Defendants move to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), and lack of subject matter jurisdiction pursuant to FRCP 12(b)(1). (ECF Nos. 45, 51.)

     Before this Court is Magistrate Judge Cott's August 6, 2021 Report and Recommendation (the "Report"), recommending that Defendants motions to dismiss be granted. (Report at 1, 55.) Magistrate Judge Cott advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 55.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

# I.   FACTUAL BACKGROUND[1]

From September 16, 2016 to October 30, 2017, Plaintiff was a pretrial detainee under New York City custody. (Report at 3.) On October 31, 2017, Plaintiff was convicted. (*Id.*) On May 14, 2018 Plaintiff was transferred to the custody of New York State. (*Id.* at 7.)

### a. Exposure to Asbestos

Plaintiff alleges that from September 23, 2016 through March 24, 2017, he often had to walk through a corridor infested with asbestos to reach institutional services and programs within the Eric M. Taylor Center ("EMTC"). (Report at 4.) On occasion, the prison facility's alarm would ring and the officer escorting Plaintiff through the corridor would instruct Plaintiff to "put [his] hands on the wall." (*Id.*) Plaintiff alleges that asbestos-covered pipes near the wall were "less than 1 foot away" from his face and he had to keep his hands on the wall for 15 to 20 minutes while the alarm rang. (*Id.*) On December 22, 2016, Plaintiff submitted a grievance regarding his exposure to asbestos and received a response on January 4, 2017 stating that there was "no knowledge of any Asbestos inside of EMTC." (*Id.*) However, the City Department of Corrections allegedly conducted an "Asbestos Abatement Project" to remove asbestos from the corridors in December 2016. (*Id.* at 4-5.)

### b. Unsupportive Mattress

From October 2016 to March 14, 2018, Plaintiff alleges that his cell mattress was unsupportive and caused him sharp back pain. (Report at 5.) On October 31, 2016, Plaintiff submitted a grievance report noting that mattresses were "causing injuries to the backs of inmates

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein. (Report at 2-13.) In determining the facts relevant to this motion, Magistrate Judge Cott appropriately relied on Plaintiff's complaint and accepted the alleged facts as true. (Report at 2.) As Plaintiff is proceeding *pro se*, Magistrate Judge Cott also considered allegations raised for the first time in Plaintiff's opposition papers. (ECF Nos. 53 and 70; Report at 2.)

. . ." (*See* Compl., ECF No. 2 at 47, 51.) Plaintiff requested a "double mattress" but the request was denied. (Report at 5.)

        c.  Inadequate Footwear

From December 2016 through March 2016, Plaintiff wore "canvass facility-issued" sneakers which he claimed were inadequate for outdoor recreation during the winter. (Report at 6.) The footwear allegedly aggravated Plaintiff's pre-existing neuropathy[2] and caused numbness in his toes, a tingling sensation, and a "pins and needles" feeling. (*Id.*) On December 22, 2016, Plaintiff submitted a grievance regarding the footwear and received a response that the "institutional footwear had been approved/implemented by BOC." (*Id.*)

        d.  Exposure to Tuberculosis

From April 6, 2018 to an unspecified date, Plaintiff alleges that he was exposed to tuberculosis since the City Defendants failed to locate and isolate an inmate who tested positive for the disease. (Report at 7.)

        e.  Premature Release from HHC's Medical Care

Plaintiff alleges that on May 14, 2018, he was prematurely transferred from City custody and treatment at New York City Health and Hospitals Corporation ("HHC") to State custody. (Report at 7.) At the time of the transfer, Plaintiff claims he had an upcoming physical therapy session scheduled on May 24, 2018 at HHC for a rotator cuff injury. (*Id.* at 7-8.)

        f.  Inadequate Ventilation and Exposure to Second-Hand Smoke

Plaintiff alleges that he is a non-smoker with pre-existing respiratory conditions (chronic obstructive pulmonary disease and asthma) and was exposed to second-hand smoke "as prevalent then (July 9, 2018) as it was in the early 90s . . . ." while in State custody. (Compl. ¶ 9C.) He

---

[2] Neuropathy is a condition that caused Reid to experience nerve pain and sensations such as tingling, electric shocks, cramps, spasms, and numbness. (Compl. ¶ 10C; Report at 6).

alleges "unruly indoor tobacco smoking" despite DOCCS' "'zero-smoking policy . . . .'" (Compl. ¶ 9C.) Starting in June 2018, Plaintiff wrote and submitted complaints to the State Defendants regarding the second-hand smoke exposure and a lack of ventilation that "felt like 80-95 degrees." (*Id.*)

g.  Inadequate Medical Care at State Facility

Finally, Plaintiff alleges that he received inadequate medical treatment for his physical therapy, respiratory conditions, neuropathy, and podiatry needs while in State Custody. He claims his physical therapy sessions were inconsistent and that he suffered from the smoke in the facility. (Compl. ¶ IV.). Plaintiff claims that the State Defendants failed to provide him with his neuropathy medication, gabapentin. (Report at 11-12.) Finally, Plaintiff alleges that he requested to see a podiatrist for foot pains, in-grown toenails, corns, and calluses but was denied. (*Id.* at 41.)

## II.   LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

**B. Rule 12(b)(6) Failure to State a Claim.**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).   A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co.*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

**C. *Pro Se* Plaintiffs.**

Submissions of *pro se* litigants are read liberally and interpreted to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). Courts must also "afford *pro se* plaintiffs 'special solicitude' before granting motions to dismiss or motions for summary judgment." *Quadir v. N.Y. State Dep't of Labor*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994)).

5

## III.   PLAINTIFF'S DELIBERATE INDIFFERANCE, *MONELL* LIABILITY, AND STATE LAW CLAIMS AGAINST DEFENDANTS ARE DISMISSED WITHOUT PREJUDICE

The Report construes Plaintiff's complaint as asserting (1) claims of deliberate indifference to unconstitutional conditions of confinement and to serious medical needs against both the City Defendants and State Defendants pursuant to 42 U.S.C. § 1983; (2) claims against the City Defendants pursuant to *Monell v. Dep't of Soc. Services.*, 436 U.S. 658 (1978); and (3) state law gross negligence claims against State Defendants Riley, Loughren, and Moran.

### A.   Plaintiff Cannot Prevail on His Claims of Deliberate Indifference to Unconstitutional Conditions of Confinement and to Serious Medical Needs

As an initial matter, Magistrate Judge Cott correctly construed Plaintiff's § 1983 deliberate indifference claims, arising while Plaintiff was a pretrial detainee, under the Due Process Clause of the Fourteenth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017); *Davis v. McCready*, 283 F. Supp. 3d 108, 116 (S.D.N.Y. 2017). Plaintiff's deliberate indifference claims arising after his conviction were correctly construed under the Eighth Amendment. *Darnell*, 849 F.3d at 29.

Claims of deliberate indifference to conditions of confinement and deliberate indifference to medical needs contain both an objective and subjective prong. *Id.* The subjective prongs of both claims differ whether the claim is analyzed under the Eight or Fourteenth Amendment. *Id.*

To establish an objective deprivation under both Amendments, "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health, which includes the risk of serious damage to physical and mental soundness." *Id.* at 30 (citations and quotations omitted). Under the Fourteenth Amendment, a plaintiff must additionally allege that "the defendant acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even

6

though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. Under the Eighth Amendment, a plaintiff must additionally allege that the defendant "acted with more than mere negligence" and instead knew of and disregarded an "excessive risk to inmate health and safety." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013).

Under both the Eighth and Fourteenth Amendments, to succeed on a claim of deliberate indifference to medical needs, a plaintiff must objectively allege that the deprivation of adequate medical care was "sufficiently serious". *Davis*, 283 F. Supp. 3d at 116. Further, if the inmate is receiving ongoing treatment and the offending conduct is an unreasonable delay or interruption of that treatment, "the seriousness inquiry focuses on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone." *Id.*; *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003). The Court must consider the actual medical consequences that flow from the alleged denial of care. . . ." *Id.* at 187. Under the Eight Amendment, a plaintiff must allege that the prison officials were "subjectively reckless in their denial of medical care." *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (citation omitted). Under the Fourteenth Amendment, a plaintiff must allege that an "objectively reasonable person in [d]efendant's position would have known, or should have known, that [d]efendant's actions or omissions posed an excessive risk of harm" to the plaintiff. *Davis*, 283 F. Supp. 3d at 121.

## a. Claims Against City Defendants

### i. Deliberate Indifference to Conditions of Confinement—Exposure to Asbestos

Magistrate Judge Cott correctly found that Plaintiff failed to state a deliberate indifference claim based on exposure to asbestos. Exposure to asbestos can pose a sufficiently serious risk of

health to satisfy the objective prong of a deliberate indifference claim. *Pratt v. City of New York*, 929 F. Supp. 2d 314, 320 (S.D.N.Y. 2013) (citing *LaBounty v. Coughlin*, 137 F.3d 68, 72 (2d Cir. 1998)). However, the inmate must be exposed to an "unreasonably high concentration of air-borne asbestos particles." *Johnakin v. N.Y.C. Dep't of Corr.*, No. 11-CV-4807 (SLT) (LB), 2013 WL 5519998, at *17 (E.D.N.Y. Sept. 30, 2013). Here, Plaintiff alleges that he had to occasionally stand near asbestos-covered pipes while the facility's alarm rang, but he did not include how frequently this occurred or how often he had to place his hands on the walls near the pipes. (Report at 24.) These facts are insufficient to support a conclusion that the alleged exposure was "unreasonably" high. While Plaintiff submitted a grievance report, he similarly failed to allege how City Defendants knew or should have known that there was asbestos exposure that posed an "excessive risk" to Plaintiff's health or safety. (*Id.* at 24-25.) Thus, Plaintiff's deliberate indifference claim based on exposure to asbestos is dismissed.

> ii.  Deliberate Indifference to Conditions of Confinement—Unsupportive Mattress

Magistrate Judge Cott correctly held that Plaintiff failed to allege a deliberate indifference claim based on an unsupportive mattress. A plaintiff's conditions-of-confinement claim based on an unsupportive mattress may survive a motion to dismiss if "(1) the plaintiff had a medical condition requiring a non-standard bed to protect against serious damage to his future health; (2) he made his condition known to the prison officials; (3) he requested a non-standard bed to accommodate the condition; and (4) his request was denied by an official who knew of and disregarded an excessive risk to the plaintiff's health or safety." *Youmans v. Schriro*, No. 12-CV-3690 (PAE) (JCF), 2013 WL 6284422, at *5 (S.D.N.Y. Dec. 3, 2013). Here, Plaintiff did not allege any pre-existing condition necessitating a special mattress. (Report at 27.) Further, even if Plaintiff had plausibly alleged that his back pain was sufficiently serious to satisfy the objective

standard, he fails to allege how Defendants knew or should have known that the mattress posed a substantial risk of harm. Plaintiff only sent a request for a new mattress to alleviate back pain. (*Id.* at 28.) Thus, Plaintiff's deliberate indifference claim based on an unsupportive mattress is dismissed.

### iii.   Deliberate Indifference to Medical Needs—Exposure to Tuberculosis

Magistrate Judge Cott correctly held that Plaintiff failed to allege sufficient facts to support his deliberate indifference claim based on exposure to tuberculosis. (Report at 29.) "There can be little doubt that [tuberculosis], if contracted by an inmate, would result in serious harm." *Jones v. Goord*, 435 F. Supp. 2d 221, 245 (S.D.N.Y. May 26, 2006). As Magistrate Judge Cott properly held, Plaintiff did not allege that he was actually exposed to an inmate with tuberculosis, ever contracted tuberculosis, experienced respiratory conditions related to or caused by the alleged exposure to tuberculosis, was denied any medical treatment for tuberculosis, or received inadequate treatment related to tuberculosis. (Report at 30.) He also failed to allege that City Defendants were aware of a substantial risk to Plaintiff's health and disregarded that risk. (*Id.*) Thus, Plaintiff's deliberate indifference claim based on exposure to tuberculosis is dismissed.

### iv.   Deliberate Indifference to Medical Needs—Premature release from HHC's medical care

Magistrate Judge Cott correctly determined that Plaintiff failed to allege a deliberate indifference to medical needs claim based on his release from HHC. (Report at 30.) At the time of his release from HHC to State custody, Plaintiff was receiving treatment for a rotator cuff injury. (*Id.*) The Report properly considered the "severity of the temporary deprivation" of medical care when Plaintiff was released. *Ayuso v. Bentivegna*, No. 18-CV-3419 (NSR), 2021 WL 2535535, at *3 (S.D.N.Y. June 21, 2021) (citing *Smith*, 316 F.3d at 186) ("[I]f the allegedly offending conduct is delayed treatment, a court considers "the severity of the temporary deprivation alleged by the

9

prisoner."). Plaintiff alleges that his facility transfer delayed his upcoming physical therapy appointment and interrupted his ongoing treatment. (Report at 30.) He further alleges that he was in "extreme pain" while being transferred. (*Id.* at 31.) Magistrate Judge Cott properly found that Plaintiff failed to specifically attribute this pain to the delayed physical therapy appointment. *Snyder v. Alam*, No. 15-CV-4033 (VB), 2016 WL 2642226, at \*4 (S.D.N.Y. May 6, 2016). Further, Plaintiff pled no facts to suggest that City Defendants had "subjective awareness of the harmfulness" associated with Plaintiff's release from HHC. (Report at 31.) Thus, Plaintiff's deliberate indifference claim based on his release from medical care at HHC should be dismissed.

### b. **Claims Against State Defendants**

#### i. Deliberate Indifference to Conditions of Confinement—Inadequate Ventilation

Magistrate Judge Cott correctly held that Plaintiff failed to state a deliberate indifference claim based on inadequate ventilation. (Report at 33-34.) Inadequate ventilation that results in extreme temperatures or produces unsanitary conditions rises to the level of a constitutional violation if it constitutes an "objectively, sufficiently serious . . . denial of the minimal civilized measure of life's necessities." *Willey v. Kirkpatrick*, 801 F.3d 51, 66 (2d Cir. 2015). Here, as Magistrate Judge Cott found, Plaintiff did not allege any facts regarding the duration or severity of the conditions while in State custody. *Id.* Plaintiff only alleges that the lack of ventilation "felt like 80-95 degrees." (Compl. at ¶ 9.) Further, Plaintiff did not allege any facts to suggest the State Defendants knew of and disregarded an "excessive risk" to Plaintiff's health or acted above the level of "mere negligence". *Walker*, 717 F.3d at 125. Thus, Plaintiff's deliberate indifference claim based on inadequate ventilation is dismissed.

10

ii. Deliberate Indifference to Conditions of Confinement—Exposure to
Secondhand Smoke

Magistrate Judge Cott correctly held that Plaintiff failed to state a deliberate indifference claim based on exposure to secondhand smoke. (Report 34-37.) Exposure to unsafe levels of toxic substances, such as tobacco smoke, can suffice as a sufficiently dangerous condition to satisfy the objective prong of an Eight Amendment claim. *Wright v. New York State Dep't of Corr. Servs.*, No. 06-CV-3400 (RJS) (THK), 2008 WL 5055660, at *10 (S.D.N.Y. Oct. 10, 2008). The Plaintiff must demonstrate that he was exposed to "unreasonably high levels" of the second-hand smoke. *Jones v. Goord*, 435 F. Supp. 2d 221, 245 (S.D.N.Y. May 26, 2006). Here, Plaintiff alleges that smoking occurred —"smoking indoors was as prevalent then (July 9, 2018) as it was in the early 90's . . . ." and "indoor smoking is occurring despite DOCCS' so-called 'zero-smoking policy' . . . . "— but he provided no facts as to the severity or duration of the tobacco smoke exposure. (Report at 35.) Plaintiff similarly failed to allege any facts that suggest that the State Defendants knew of and disregarded an "excessive risk" to Plaintiff's health. *Walker*, 717 F.3d at 125. Plaintiff alleges that, while at the State facility Downstate, he filed a written complaint, but no remedial steps were taken. (Report at 35-36.) While at the State facility Sing Sing, Plaintiff alleges that he requested a windowed cell—as opposed to a cell with bars. (*Id.* at 36.) His request was initially denied, but Plaintiff was ultimately moved to a windowed cell. (*Id.*) Magistrate Judge Cott correctly found these facts insufficient to plausibly allege the subjective prong of Plaintiff's claim. (*Id.*) Thus, Plaintiff's deliberate indifference claim based on exposure to second-hand smoke is dismissed.

11

### iii. Deliberate Indifference to Medical Needs—Lower level of treatment then at HCC for physical therapy, respiratory conditions, podiatry, and neuropathy

Magistrate Judge Cott correctly held that Plaintiff failed to allege a deliberate indifference to medical needs claim based on the treatment Plaintiff received in State custody. (Report 37-42.) Plaintiff alleges that he received inferior treatment for his physical therapy, respiratory conditions, neuropathy, and podiatry needs. (*Id.* at 37.) Since Plaintiff admitted to receiving medical treatment for the physical therapy, respiratory conditions, and neuropathy, Magistrate Judge Cott properly analyzed whether the alleged inadequate treatments were sufficiently serious. (*Id.* at 38); *see, e.g., Ayuso*, 2021 WL 2535535, at *3 ("When the offending conduct is failure to treat, a court examines 'the severity of the prisoner's underlying medical condition;' however, if the allegedly offending conduct is delayed treatment, a court considers "the severity of the temporary deprivation alleged by the prisoner." (quoting *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003)). For the podiatry needs, Magistrate Judge Cott properly analyzed whether the underlying conditions (foot pains, in-grown toe nails, corns, and calluses) were sufficiently serious. *Ayuso*, 2021 WL 2535535, at *3.

First, Magistrate Judge Cott properly concluded that Plaintiff's allegation—that he received "on/off" physical therapy—did not plausibly allege that his treatment was inadequate or that it caused or likely would cause harm. *Salahuddin v. Goord,* 467 F.3d 263, 279–80 (2d Cir. 2006). Second, the Report construed Plaintiff's respiratory conditions allegation as arising out of his exposure to second-hand smoke and the State Defendants' failure to provide a smoke-free environment. (Report at 38-39.) As discussed above, Plaintiff did not plead enough facts as to the frequency, intensity, duration, or circumstances in which he was exposed to second-hand smoke. *Compare Davis v. New York*, 316 F.3d 95, 100–01 (2d Cir. 2002) (court reversed summary

12

judgment in favor of prison officials where plaintiff produced evidence that he had been double bunked with smoker, housed for six years in areas where majority of inmates were smokers, and was then surrounded by seven inmates who were chain smokers or heavy smokers) *with Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (affirming district court's dismissal under Rule 12(b)(6) because three brief encounters with ETS "alleged only de minimis injury, and, hence, did not amount to an Eighth Amendment violation"). Third, Plaintiff alleges that State Defendants prescribed him a different neuropathy medication than he had received at HHC. (Report at 39.) The Report properly concluded that Plaintiff failed to allege whether he continued to experience neuropathy symptoms after taking the different medication and did not allege that he informed State Defendants of any continuing or worsening condition. (*Id.* at 40.) As Magistrate Judge Cott noted, Plaintiff's claim amounts to "a disagreement with or preference for a specific treatment rather than a constitutional violation." *Ayuso*, 2021 WL 2535535, at *4. Fourth, Plaintiff's podiatry needs (foot pain, in-grown toenails, corns, and calluses) do not constitute a sufficiently serious medical need that poses an "unreasonable risk of serious damage" to Plaintiff's health. *Walker*, 717 F.3d at 125. Finally, Plaintiff failed to allege that State Defendants were "subjectively reckless" and knew of and disregarded a substantial risk of serious harm for any of his allegations of inferior treatment in State custody. (Report at 40.) Thus, Plaintiff's deliberate indifference claim based on alleged inferior medical treatment in state custody should be dismissed.

## B. *Monell* **Liability**

Magistrate Judge Cott properly found that Plaintiff's allegations did not establish *Monell* liability against the City Defendants. (Report at 42-45.) A municipality or municipal corporation is liable under § 1983 if "the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60

13

(2011) (internal quotation marks omitted). Since Plaintiff failed to allege an underlying claim of a constitutional violation, the Report properly concluded that Plaintiff's *Monell* claim is meritless. (Report at 44.) Further, "when a plaintiff lacks any underlying claim of deprivation of a constitutional right, the claim of municipal liability on the part of the municipal defendant must be dismissed as well." *Lerner v. Hempstead Public Schools*, 55 F. Supp. 3d 267, 283 n.14 (E.D.N.Y. 2014) (citing *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006). Thus, Plaintiff's *Monell* claim is dismissed.

## C. Personal Liability

Magistrate Judge Cott properly found that Plaintiff's allegations did not substantiate any claims against the individual State Defendants for personal liability.[3]  (Report at 45-51.)  To establish personal involvement, a plaintiff must plead that "each Government-official defendant, through the officer's own individual actions, has violated the Constitution." (*Id.* at 45.)  As Plaintiff did not adequately plead an underlying constitutional violation, the Report properly concluded that Plaintiff failed to adequately plead personal involvement of the State Defendants. (*Id.* at 46.)  Thus, Plaintiff's personal involvement claims against the State Defendants are dismissed.

## D. Qualified Immunity

The Court agrees with Magistrate Judge Cott's recommendation that since all of Plaintiff's claims are being dismissed, there is no need to address the qualified immunity arguments set forth by the State Defendants and City Defendants. (Report at 51.)

---

[3] The Report did not analyze the City Defendants' personal involvement because the City Defendants did not argue that Plaintiff failed to plausible allege personal involvement.

**E. State Claims**

Magistrate Judge Cott properly held that Plaintiff is precluded from raising state law claims in federal court pursuant to N.Y. Corr. Law §24 and that this Court should decline to exercise supplemental jurisdiction over any state law claims. (Report at 51-53.) The Report construed Plaintiff's complaint to assert a state law claim of gross negligence against Defendants Riley, Loughren, and Moran for failing to properly train the SCOC's Records Access Officer and to properly "supervise" subordinates who deprived Plaintiff of his constitutional rights. (*Id.* at 51.) Magistrate Judge Cott correctly held that "N.Y. Corr Law § 24 precludes a plaintiff from raising state law claims in federal court against state employees in their personal capacities for actions arising within the scope of their employment." *Davis v. McCready*, 283 F. Supp. 3d 108, 123 (S.D.N.Y. 2017). Further, because Plaintiff failed to state a § 1983 claim, the Court declines supplemental jurisdiction over any state law claims that may be alleged. *See, e.g., Matican v. City of New York*, 524 F.3d 151, 154–55 (2d Cir. 2008). Thus, any state law claims are dismissed.

## IV. PLAINTIFF'S DELIBERATE INDIFFERENCE CLAIM BASED ON INADEQUATE FOOTWEAR AGAINST CITY DEFENDANTS IS DISMISSED

Magistrate Judge Cott correctly held that Plaintiff failed to state a deliberate indifference claim based on inadequate footwear while in City custody. (Report at 25.) Courts in this Circuit have consistently determined that "pinched nerves, sores, calluses, bleeding heels, and back and leg problems" resulting from being forced to wear institutional footwear do not "offend contemporary standards of decency. . . ." *Simmons v. Cripps*, No. 12-CV-1061 (PAC) (DF), 2013 WL 1290268, at \*16 (S.D.N.Y. Feb. 15, 2013). Plaintiff alleges "numbness," a "tingling sensation," and a "pins and needles feeling." (Compl. ¶ 3C.) As Magistrate Judge Cott stated, Plaintiff's injuries are no worse than the injuries other courts have considered to be inoffensive to

contemporary standards of decency.  (Report at 26.)  Plaintiff's grievance report did not mention

any impact the footwear had on his neuropathy—only that his feet were cold.  (*Id.*)  Thus, Plaintiff

also failed to allege sufficient facts to establish that any of the City Defendants knew or should

have known of an excessive risk to Plaintiff's health.  (*Id.*)  As the Report concluded, this allegation

is inherently defective and cannot be cured by amendment.  (*Id.* at 53.); *see Simmons*, 2013 WL

1290268 at *16 ("[P]inched nerves, sores, calluses, bleeding heels, and back and leg problems"

resulting from being forced to wear institutional footwear do not "offend contemporary standards

of decency . . . .").  Thus, this Court dismisses this claim.

## V.   CONCLUSION

Magistrate Judge Cott's Report is ADOPTED. Defendants' motions to dismiss Plaintiff's

complaint, (ECF Nos. 45 and 51), are GRANTED.  The Clerk of Court is directed to close these

motions accordingly.


Dated: New York, New York
       September 14, 2021

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge