**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CEDRIC REID,                                                      :

                                    Plaintiff,                    :         <u>MEMORANDUM DECISION</u>
                                                                  :         <u>AND ORDER</u>

        -v-                                                       :
                                                                  :         20 CV. 644 (GBD) (JLC)

THE CITY OF NEW YORK, NYC HEALTH AND                              :
HOSPITALS, ALLEN RILEY, ANTHONY J. ANNUCCI,
OSBOURNE A. McKAY, ROBERT MORTON,                                 :
MICHAEL CAPRA, RAZIA FERDOUS, V. MONROE                           :
(Nurse Practitioner #0428),
                                                                  :

                                    Defendants.                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

        *Pro se* Plaintiff Cedric Reid brought this action pursuant to 42 U.S.C. § 1983 against

various City and State defendants for alleged violations of his constitutional rights to humane

conditions of confinement and adequate medical treatment. Both City and State defendants moved

to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted,

pursuant to Federal Rule of Civil Procedure 12(b)(6). On August 6, 2021, Magistrate Judge Cott

issued a Report & Recommendation (the "August 6, 2021 Report") recommending that this Court

grant both motions to dismiss. (ECF No. 80, dated August 6, 2021.) The August 6, 2021 Report

also recommended that Plaintiff be given an opportunity to amend his complaint. On September

14, 2021, this Court adopted the August 6, 2021 Report in full. (Memorandum Decision and Order,

dated September 14, 2021, ECF No. 81, "Sept. 14, 2021 Decision".) Plaintiff subsequently filed

a 35-page amended complaint on October 1, 2021 ("Amended Complaint") against the City and

State Defendants. (Amended Complaint, dated October 1, 2021, ECF No. 89.)

The City Defendants have moved to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim. The State Defendants have moved to dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim.

Before this Court is Magistrate Judge Cott's April 20, 2022 Report and Recommendation (the "Report"), which recommends that Plaintiff's claims be dismissed with prejudice. (Report at 33.) Magistrate Judge Cott advised the parties that failure to timely file objections to the Report would result in a waiver of those objections on appeal. (*Id.* at 34.) No objections have been filed. Having reviewed the Report for clear error and finding none, this court ADOPTS the Report in full.

# I.  LEGAL STANDARDS[1]

## A.  Report and Recommendation

A court may "accept, reject, or modify, in whole or in part, the findings or recommendations" set out in a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1)(C). The report and recommendation of a magistrate judge when not objected to by the parties is reviewed for clear error. *See Edwards v. Fischer,* 414 F.Supp. 2d 342, 346-47 (S.D.N.Y. 2006) (citations omitted). This standard of review requires a court to reverse a finding only when it is "left with the definite and firm conviction that a mistake has been committed," and not merely if the court "would have decided the case differently." *Easley v. Cromartie,* 532 U.S. 234, 242 (2001).

---

[1] From the Sept. 14, 2021 Decision and two Report and Recommendations, the Court assumes familiarity with the facts underlying this action.

## B. Rule 12(b)(6) Failure to State a Claim

The Federal Rules of Civil Procedure Rule 12(b)(6) allows a complaint to be dismissed for
"failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive
a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state
a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting
*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The plaintiff must state "more than a sheer
possibility that a defendant has acted unlawfully." *Id.* This requires that the plaintiff plead facts
that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct
alleged." *Id.* These factual allegations must be sufficient to "raise a right to relief above the
speculative level." *Twombly,* 550 U.S. at 555 (citation omitted). Therefore, "[w]hile legal
conclusions can provide the framework of a complaint, they must be supported by factual
allegations." *Iqbal,* 556 U.S. at 679. The court must then consider whether the plaintiff's well-
pleaded factual allegations "plausibly give rise to an entitlement to relief." *Id.; see also Targum v.
Citrin Cooperman & Co.,* No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19,
2013). The court must construe all inferences in the non-moving party's favor in deciding the
12(b)(6) motion. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC,* 709 F.3d
109, 119-20 (2d Cir. 2013).

## C. *Pro se* Plaintiffs

Complaints field by *pro se* litigants are to be "liberally construed and… must be held to
less stringent standards than formal pleadings drafted by lawyers." *Bennett v. City of New York,*
425 F.App'x 79, 80 (2d Cir. 2011) (quoting *Boykin v. KeyCorp.,* 521 F.3d 202, 214 (2d Cir. 2008)).
Correspondingly, the pleadings by *pro se* plaintiffs must be construed "to raise the strongest
arguments they suggest." *Kevilly v. New York,* 410 F. App'x 371, 374 (2d Cir. 2010) (internal

3

quotation marks omitted).  Courts also must "afford *pro se* plaintiffs 'special solicitude' before granting motions to dismiss." *Quadir v. N.Y. State Dep't of Labor,* 39 F.Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. IRS,* 28 F.3d 6, 8 (2d Cir. 1994)).

## II.   DEFENDANTS' MOTIONS TO DISMISS ARE GRANTED AND ALL PLAINTIFF'S CLAIMS ARE DISMISSED WITH PREJUDICE

The Court broadly construes Reid's Amended Complaint as asserting (1) claims of deliberate indifference to unconstitutional conditions of confinement and to serious medical needs against both the City Defendants and State Defendants pursuant to § 1983; (2) claims against the City Defendants pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), arising out of official municipal policies or customs that caused of the alleged constitutional violations; and (3) state law gross negligence claims against State Defendant Riley.

### A.  Claims Against City Defendants

#### i.  Deliberate Indifference to Conditions of Confinement – Asbestos Exposure

Magistrate Judge Cott correctly found that Plaintiff's Amended Complaint still fails to state a cognizable conditions-of-confinement claim based on exposure to asbestos.  Plaintiff has not alleged how frequently he had to come into physical contact with the wall near the asbestos-covered pipes while the facility's alarm rang. (Report at 21.)  Merely positing that Plaintiff had to travel the corridor every day to access programs and services is not enough to prove exposure to an "unreasonably high concentration" of asbestos. (*Id.*)  Additionally, Plaintiff has not cured the factual allegation deficit from the original complaint to show that the City Defendants knew or should have known that the asbestos exposure posed an "excessive risk" to Plaintiff's health. *Darnell v. Pineiro,* 849 F.3d 17, 35 (2d Cir. 2017).  Thus, Plaintiff's conditions-of-confinement claim relating to asbestos exposure is dismissed.

4

### ii. Deliberate Indifference to Medical Needs – Premature Release from HHC's Medical Care

Magistrate Judge Cott correctly determined that Plaintiff's Amended Complaint still fails to allege an adequate deliberate indifference to medical needs claim based on Plaintiff's release from HHC's medical custody and transfer to a New York State correctional facility after only completing five of his sixteen scheduled physical therapy sessions. Though Plaintiff alleged that his rotator cuff injury caused him severe pain, he failed to sufficiently attribute that pain to the delay of his sixth physical therapy appointment. Additionally, the Amended Complaint fails to show that the City Defendants were actually aware or should have been aware that the treatment at a New York State correctional facility was insufficient for the injury. Plaintiff also still fails to show that the City Defendants then neglected that risk by approving the transfer. Therefore, Plaintiff's deliberate indifference to medical needs claim based on his premature release from HHC's care is dismissed.

### B. Claims Against State Defendants

#### i. Deliberate Indifference to Medical Needs – Inadequate Ventilation and Exposure to ETS

Magistrate Judge Cott correctly held that Plaintiff failed to state an Eighth Amendment conditions of confinement claim based on inadequate ventilation and exposure to environmental tobacco smoke ("ETS"). For both his Downstate and Sing Sing tenures, Plaintiff fails to adequately allege his own personal exposure to ETS, and instead details the daily habits of those around him who were smoking. (Report at 25.) These details do not provide an adequate basis for the Court to conclude that there was an unreasonable risk to Reid's health. *Compare Davis v. New York,* 316 F.3d 95, 100-01 (2d Cir. 2002) (court reversed summary judgment in favor of prison officials where plaintiff produced evidence that he had been double bunked with a smoker, housed for six years in areas where the majority of the inmates were smokers, and was then surrounded

5

by seven inmates who were chain smokers or heavy smokers) *with Gill v. Pidlypchak,* 389 F.3d 379, 380 (2d Cir. 2004) (affirming district court's dismissal under Rule 12(b)(6) because three brief encounters with ETS "alleged only a *de minimis* injury, and, hence, did not amount to an Eighth Amendment violation").

Even if those facts had been sufficient to show a severe effect on Reid's health, his Amended Complaint fails to show that the State Defendants knew or should have known that there was an "excessive risk" to Plaintiff's health or safety. *Walker v. Schult,* 717 F.3d 119, 125 (2d Cir. 2013). Plaintiff's letters to Superintendent Morton and Acting Commissioner Annucci did not allege more than mere negligence on their part, which is insufficient to show that they knowingly disregarded a risk to Reid's health or safety. Similarly, though his initial request to Superintendent Capra at Sing Sing for a windowed cell was denied, Reid was ultimately reassigned to a windowed cell at the facility. (Report at 26.) Reid failed to show that the State Defendants knew or should have known of any excessive risk to his health. Therefore, Plaintiff's deliberate indifference claim based on ETS and inadequate ventilation should be dismissed.

Furthermore, Magistrate Judge Cott correctly found no deliberate indifference to medical needs claim against Defendants Monroe or Ferdous. Objectively, Reid has not adequately alleged the frequency, intensity, duration, and circumstances of his ETS exposure. (Report at 27-28.) Defendants Monroe and Ferdous' failure to accommodate Reid's windowed cell request, without more, is insufficient to satisfy the subjective prong of a deliberate indifference to medical needs claim. (*Id.*) Plaintiff's claims for unconstitutional conditions of confinement and deliberate indifference to medical needs lack sufficient basis and are dismissed.[2]

---

[2] As Plaintiff has failed to adequately allege any constitutional violation, his *Monell* liability claim is dismissed and the Court declines to exercise supplemental jurisdiction over any state law claims that may be construed as alleged. Further, the Court need not analyze whether Plaintiff adequately pled the personal involvement of the State Defendants.

6

## III.    CONCLUSION

Magistrate Judge Cott's Report is ADOPTED.   Defendants' motions to dismiss the Amended Complaint, (ECF Nos. 92 and 97), are GRANTED.   Plaintiff's Amended Complaint is DISMISSED with prejudice.   The Clerk of Court is directed to close the motions at ECF Nos. 92 and 97 accordingly.

Dated: New York, New York
       June 29, 2022

SO ORDERED.

George B. Daniels

GEORGE B. DANIELS
United States District Judge

7