**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CEDRIC REID,                                                :

                      Plaintiff,          :          MEMORANDUM DECISION

        -against-                                         :          AND ORDER

THE CITY OF NEW YORK, NYC HEALTH AND            :          20 Civ. 644 (GBD) (JLC)
HOSPITALS, ALLEN RILEY, ANTHONY J.                 :
ANNUCCI, OSBOURNE A. McKAY, ROBERT               :
MORTON, MICHAEL CAPRA, RAZIA FERDOUS,        :
VERONICA MONROE,                                              :

                                           :

                      Defendants.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Cedric Reid brought this action pursuant to 42 U.S.C. § 1983 against the City of

New York and the New York City Health and Hospitals Corporation (collectively, "City Defendants")

and against seven officials employed by the New York State Commission of Correction and Department

of Corrections and Community Supervision (collectively, "State Defendants") for alleged violations of

his constitutional rights to humane conditions of confinement and adequate medical treatment under the

Eighth and Fourteenth Amendments.  On January 22, 2020, Plaintiff filed his initial Complaint, and both

City and State Defendants later moved to dismiss the Complaint.  (Compl., ECF No. 2; City Defs.' Mot.

Dismiss, ECF No. 45; State Defs.' Mot. Dismiss, ECF No. 51.)  On August 6, 2021, Magistrate Judge

James L. Cott issued a Report and Recommendation ("First Report") recommending that the Complaint

be dismissed with leave to amend.  (First Report, ECF No. 80.)  Plaintiff did not object to the First

Report.  This Court adopted the First Report in full.  (Mem. Decision and Order, ECF No. 81.)

On October 1, 2021, Plaintiff filed an Amended Complaint.  (Am. Compl., ECF No. 89.)  City

Defendants moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, and State Defendants moved to dismiss the Amended Complaint pursuant to Rule

12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (City Defs.' Mot. Dismiss, ECF No. 92; State Defs.' Mot. Dismiss, ECF No. 97.) Magistrate Judge Cott issued a second Report and Recommendation ("Second Report") recommending that both motions be granted and that Plaintiff's claims be dismissed with prejudice. (Second Report, ECF No. 107.) No party filed objections to Magistrate Judge Cott's Second Report. On June 29, 2022, this Court adopted the Second Report in full. (Mem. Decision and Order ("Order"), ECF No. 108.)

Before this Court is Plaintiff's June 28, 2023 Motion under Rule 60(b)(1), (b)(3), and (b)(6) of the Federal Rules of Civil Procedure for relief from this Court's Order. (Pl.'s Mot. Vacate J. ("Plaintiff's Motion"), ECF No. 110.) Plaintiff's Motion seeks relief only from the part of this Court's Order dismissing his claims related to his exposure to second-hand tobacco smoke at Downstate Correctional Facility ("Downstate") and Sing Sing Correctional Facility ("Sing Sing"). (Decl. Cedric Reid in Supp. of Mot. ("Pl.'s Decl."), ECF No. 111, at 1; Am. Compl. ¶¶ 3A–4C.) Plaintiff's Motion is hereby DENIED.

## I.   FACTUAL AND PROCEDURAL BACKGROUND[1]

From September 16, 2016, to October 30, 2017, Plaintiff was a pretrial detainee under New York City custody. (Second Report at 3.) After his conviction on October 31, 2017, Plaintiff remained in New York City custody until May 2018, when he was transferred to New York State custody at Downstate. (*Id.* at 4, 6.) In July 2018, Plaintiff was transferred to Sing Sing, also run by New York State. (*Id.* at 7.) Plaintiff was then transferred to Great Meadow Correctional Facility in early 2020, back to Sing Sing in August 2021, and ultimately to Green Haven Correctional Facility in December 2021, where he is currently incarcerated. (*Id.* at 28 n.10; Notice of Change of Address, ECF No. 102.)

---

[1] The relevant factual and procedural background is set forth in greater detail in this Court's Order and in the Second Report.

In the Amended Complaint, Plaintiff alleged that he is a non-smoker with pre-existing respiratory conditions (chronic obstructive pulmonary disease and asthma). (*Id.* at 6.) He alleged that he was exposed to second-hand tobacco smoke (otherwise known as "environmental tobacco smoke" or "ETS") while in State custody at Downstate and Sing Sing because of the "constant" smoking of other inmates and poor ventilation. (*Id.* at 6–7; Am. Compl. ¶ 3C(iv).) Beginning in June 2018, Plaintiff wrote and submitted complaints to various State Defendants regarding the ETS exposure and its effect on his respiratory conditions. (Second Report at 7–9.) He requested a number of remedies, including that State Defendants prevent the use and sale of tobacco products among inmates and that they transfer Plaintiff to a cell with a window. (*Id.*) Although many of Plaintiff's complaints were denied or went unanswered, he was ultimately moved to a cell with a window in October 2018. (*Id.* at 9.) Plaintiff alleged that "as a result of the State Defendants' deliberate indifference to his ETS exposure, he . . . experienced shortness of breath, chest pains, and lung inflammation." (*Id.* at 10 (citing Am. Compl. ¶ IV).)

This Court dismissed Plaintiff's claims related to ETS for two primary reasons. First, Plaintiff's Amended Complaint did not "adequately allege his own personal exposure to ETS." (Order at 5.) Because Plaintiff's claims required him to establish an objectively unreasonable risk to his health, Plaintiff's Amended Complaint was required to allege facts detailing the severity and duration of his own exposure to ETS. (Second Report at 24.) Instead, Plaintiff alleged only the general prevalence of indoor smoking at Downstate and Sing Sing but failed to allege sufficient facts about his own exposure. (*Id.*) Second, Plaintiff "failed to show that the State Defendants knew or should have known of any excessive risk to his health." (Order at 6.) Plaintiff was required to allege facts showing that State Defendants "knowingly disregarded a risk to Reid's health or safety" or showed "deliberate indifference" to his medical needs. (*Id.*) This Court found that Plaintiff did not allege facts that could establish this subjective element of his claim. (*Id.*)

3

## II.   LEGAL STANDARDS

### A.  Rule 60(b)

Rule 60(b) provides "grounds on which a court, in its discretion, can rescind or amend a final judgment or order." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). Plaintiff invokes three of the six grounds for relief listed in Rule 60(b): Rule 60(b)(1), which allows relief in case of "mistake, inadvertence, surprise, or excusable neglect" by a party or court; Rule 60(b)(3), which allows relief in case of "fraud . . . , misrepresentation, or misconduct by an opposing party;" and Rule 60(b)(6), which allows relief for "any other reason that justifies [it]." Fed R. Civ. P. 60(b); *Gey Assocs. Gen. P'ship v. 310 Assocs.*, 346 F.3d 31, 34–35 (2d Cir. 2003) (per curiam). A party may invoke Rule 60(b)(6) only when none of the other five grounds for relief applies. *See Nemaizer*, 793 F.2d at 63; *see also Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (stating that Rule 60(b)(1) and Rule 60(b)(6), in particular, must be mutually exclusive).

The granting of a Rule 60(b) motion on any ground is considered "extraordinary judicial relief" and thus requires "a showing of exceptional circumstances." *Nemaizer*, 793 F.2d at 61. Where a Rule 60(b) motion "seeks only to relitigate issues already decided," the motion is properly denied. *Maldonado v. Loc. 803 Int'l Bhd. of Teamsters Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013). Rule 60(b) also may not be used as a substitute for a timely appeal. *Stevens*, 676 F.3d at 67 (citing *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009)). If a party "has failed to appeal, the party must 'allege[] circumstances showing that [the] failure to appeal was justifiable'" in order to succeed on a Rule 60(b) motion. *Sec. & Exch. Comm'n v. Penn*, No. 14-CV-581 (VEC), 2021 WL 1226978, at *6 (S.D.N.Y. Mar. 31, 2021) (quoting *Ackermann v. United States*, 340 U.S. 193, 197 (1950)), *aff'd sub nom. United States Sec. & Exch. Comm'n v. Penn*, No. 21-1348-CV, 2022 WL 2517218 (2d Cir. July 7, 2022).

4

All motions under Rule 60(b) must be filed within a reasonable time.  Fed. R. Civ. P. 60(c)(1).

For subparts (b)(1), (b)(2), and (b)(3), motions must be filed "no more than a year after the entry of the

judgment or order . . . ." *Id.*  A motion under Rule 60(b)(1), (b)(2), or (b)(3) made within a year has not

necessarily been made within a reasonable time.  *See Amoco Overseas Oil Co. v. Compagnie Nationale

Algerienne de Navigation*, 605 F.2d 648, 656 (2d Cir. 1979).  "[A]s the delay in making the motion

approaches one year there should be a corresponding increase in the burden that must be carried to show

that the delay was 'reasonable.'"  *Id.*  For motions made under Rule 60(b)(6), timeliness depends on the

"particular circumstances of the case."  *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir.

1983).

### B. *Pro Se* Plaintiffs

Submissions of *pro se* litigants "must be construed liberally."  *Triestman v. Fed. Bureau of

Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam).  Accordingly, courts must read "such

submissions to raise the strongest arguments they suggest."  *Bertin v. United States*, 478 F.3d 489, 491

(2d Cir. 2007) (citations and internal quotation marks omitted).  "The policy of liberally construing *pro

se* submissions is driven by the understanding that implicit in the right to self-representation is an

obligation on the part of the court to make reasonable allowances to protect pro se litigants from

inadvertent forfeiture of important rights because of their lack of legal training."  *Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007) (citation and internal quotation marks omitted).

### III.   PLAINTIFF'S MOTION FOR RELIEF UNDER RULE 60(b) IS DENIED

Plaintiff makes several arguments in support of his Rule 60(b) motion.  This Court liberally

construes each of his points and articulates them in their strongest form.  *See supra* Section II.B.  First,

Plaintiff argues that he exhausted all administrative remedies before bringing his Complaint. (Pl.'s Decl.

at 2, 5.)  Second, Plaintiff argues that the responses of state officials to his letters and complaints

throughout the administrative process establish that they were aware of his medical conditions and exposure to ETS. (*Id.*) Third, Plaintiff argues that he should have received discovery to help him establish that he suffers from chronic obstructive pulmonary disease and asthma, which he claims are "sufficiently serious to support an Eighth Amendment claim." (*Id.* at 3–4 (citing *Hobson v. Fischer*, No. 10 Civ. 5512 (SAS), 2011 WL 891314, at *5 (S.D.N.Y. Mar. 14, 2011).) Fourth, Plaintiff argues that the Amended Complaint should not have been dismissed because a *pro se* plaintiff is entitled to discovery before dismissal where he has a "colorable claim against supervisory personnel" even if he fails to identify the individuals involved. (*Id.* at 4–5 (citing *Davis v. Kelly*, 160 F.3d 917, 922 (2d Cir. 1998).) Fifth, Plaintiff argues that the Amended Complaint was not liberally construed, as is required for submissions of *pro se* plaintiffs. (*Id.* at 5.) Finally, Plaintiff argues that this Court overlooked and failed to consider Plaintiff's medical conditions and injuries.[2] (*Id.*)

Each of Plaintiff's arguments is best construed as alleging mistake or neglect by the Court. As such, the appropriate rule for requesting relief from this Court's Order is Rule 60(b)(1), covering "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Because Rule 60(b)(1) applies, Plaintiff cannot rely on Rule 60(b)(6), which can be invoked only when none of the other five grounds for relief under Rule 60(b) applies. *See Nemaizer*, 793 F.2d at 63; *Stevens*, 676 F.3d at 67. Plaintiff also cannot rely on Rule 60(b)(3) because he does not allege any "fraud . . . , misrepresentation, or misconduct" by Defendants. *See* Fed. R. Civ. P. 60(b)(3). As a result, this Court analyzes Plaintiff's Motion only under Rule 60(b)(1).

---

[2] Plaintiff also asks this Court to take judicial notice of cases in which Magistrate Judge Cott recommended ruling against *pro se* plaintiffs. (Pl.'s Decl. at 3–4.) There is no indication, in Plaintiff's Motion or elsewhere, of any improper conduct by Magistrate Judge Cott.

## A. Plaintiff's Motion Is Untimely and Acts as a Substitute for a Timely Appeal

Plaintiff's Motion was not filed within a reasonable time. Plaintiff's Motion is dated one day before it would have been barred by Rule 60(c)(1), which requires motions under Rule 60(b)(1) to be filed "no more than a year" after the entry of the order from which relief is requested.[3] *See* Fed. R. Civ. P. 60(c)(1). Because Plaintiff filed this Motion almost a year after this Court's Order, his burden to show that he filed the Motion within a reasonable time is high. *See Amoco*, 605 F.2d at 656. Plaintiff has not provided any reason for the delay and therefore does not meet his burden. As a result, Plaintiff's Motion is untimely and should be denied.

Plaintiff's Motion also acts as an improper substitute for a timely appeal. *See Stevens*, 676 F.3d at 67. The arguments Plaintiff raises in this Motion would have been appropriate arguments to raise in objections to Magistrate Judge Cott's Second Report and in a subsequent appeal of this Court's Order. However, Plaintiff failed to object to the Second Report and thereby waived his right to appeal this Court's Order. (*See* Second Report at 34 (advising Plaintiff of waiver implications of a failure to object).) Plaintiff provided no reason or justification for failing to object, thereby waiving his right to appeal. Plaintiff does not show that his "failure to appeal was justifiable" and therefore cannot succeed on a Rule 60(b) motion. *See Penn,* 2021 WL 1226978, at *6 (quoting *Ackermann*, 340 U.S. at 197).

## B. Plaintiff's Motion Fails on the Merits

Even if Plaintiff had provided justification for his delay in filing the Motion and for his failure to appeal, the Motion still would fail on its merits. Plaintiff does not allege the "exceptional circumstances" required to succeed on a Rule 60(b) motion. *See Nemaizer*, 793 F.2d at 61. Instead, most of Plaintiff's arguments address issues that are unrelated to this Court's reasons for dismissing his claims. Plaintiff's

---

[3] Although Plaintiff's Motion was filed on July 5, 2023, it is dated June 28, 2023. (ECF No. 110.) Submissions of prisoners appearing *pro se* are considered to have been filed on the date they are given to prison officials for mailing. *See Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001).

remaining arguments serve "only to relitigate issues already decided." *See Maldonado*, 490 F. App'x at 406.

This Court dismissed Plaintiff's ETS claims primarily because Plaintiff did not "adequately allege his own personal exposure to ETS" and because he "failed to show that the State Defendants knew or should have known of any excessive risk to his health." (Order at 5–6.) Plaintiff's arguments related to exhausting his administrative remedies and his entitlement to discovery have no impact on these conclusions. (*See* Pl.'s Decl. at 2–5.) At no point did this Court find that Plaintiff failed to exhaust his administrative remedies, nor was exhaustion of administrative remedies relevant to this Court's decision to dismiss Plaintiff's claims. As to discovery related to Plaintiff's medical conditions and injuries, the Second Report, which this Court adopted in full, noted Plaintiff's allegations that he suffered from chronic obstructive pulmonary disease and asthma, as well as "weakened breathing ability and... chest pains and shortness of breath." (*See* Second Report at 6.) For purposes of resolving Defendants' Motions to Dismiss, the Second Report accepted these factual allegations as true. (*Id.* at 2.) As such, there was no need at this stage of the litigation for Plaintiff to attempt to prove these allegations through a search of medical records or other discovery. This Court's dismissal of Plaintiff's claims did not rest on a failure to allege sufficiently serious medical conditions. Instead, it rested on Plaintiff's failure to allege the details of his personal exposure to ETS. (Order at 5.) Furthermore, there is no evidence or indication in the record that Plaintiff required discovery to identify additional officials against whom he would have a "colorable claim." (*See* Pl.'s Decl. at 4–5.)

Plaintiff's two remaining arguments are an attempt to relitigate issues this Court already decided and cannot support a Rule 60(b) motion. First, Plaintiff argues that this Court did not liberally construe his Amended Complaint. (*Id.* at 5.) However, both this Court's Order and Magistrate Judge Cott's Second Report state the requirement that Plaintiff's filings be liberally construed. (*See* Order at 3–4;

8

Second Report at 12–13.)  Both the Order and the Second Report construe Plaintiff's *pro se* Amended Complaint liberally, and Plaintiff has been given multiple opportunities to amend and supplement his pleadings.  (Second Report at 33.)  Second, Plaintiff argues that his letters to State Defendants throughout the administrative process show that these Defendants were aware of his medical conditions and exposure to ETS.  (Pl.'s Decl. at 2, 5.)  However, this Court considered Plaintiff's letters and found that they "did not allege more than mere negligence," whereas Plaintiff was required to allege that State Defendants "knowingly disregarded a risk to [his] health or safety" or showed "deliberate indifference" to his medical needs.  (Order at 6.)

Because none of Plaintiff's arguments allege exceptional circumstances that would warrant the extraordinary relief of vacating this Court's Order, Plaintiff's Motion fails on the merits.

## IV.    CONCLUSION

Plaintiff's Rule 60(b) Motion is DENIED.  The Clerk of Court is directed to close the open motion at ECF No. 110.  The Clerk of Court is also directed to mail Plaintiff a copy of this decision, along with the docket sheet for this case, as requested in Plaintiff's letter to this Court filed on August 15, 2023.  (ECF No. 113.)

Dated: New York, New York
　　　　January 3, 2024

SO ORDERED.

GEORGE B. DANIELS
United States District Judge